VANLANDINGHAM *v.* SCHOOL DISTRICT No. 37.

4-9963                    253 S. W. 2d 965

Opinion delivered January 12, 1953.

464

*S. J. Reid,* for appellant.

*Wm. J. McClellan* and *W. H. McClellan,* for appellee.

Ed. F. McFaddin, Justice.    Appellant, a school teacher, brought this action against appellee, School District, to recover a bonus of $172.02 claimed by appellant under Act No. 319 of 1941, known as "The Arkansas Teachers' Salary Law," which, with amendments, is now found in § 80-1301 *et seq.,* Ark. Stats.    The Trial Court entered judgment for the School District, and this appeal ensued.

The facts were stipulated and the cause was tried by the Court sitting as a Jury.    Appellant was employed as a teacher for School District No. 5[1] of Grant County, for a 7-months term of 1947-8, at $95 per month.    The contract was in the usual form.[2]    Appellant performed the contract and received $665 therefor, being $95 per month for 7 months.    Some time in the 1948-9 school year, it was established that there had been an unexpended balance of $172.02 in the Teachers' Salary Fund of said School District No. 5 for 1947-8.    This balance could have been paid to appellant under our holding in *Fowlkes* v. *Wilson,* 205 Ark. 895, 171 S. W. 2d 958; and on September 18, 1950, appellant filed this action against the present appellee, and sought to recover the said $172.02.

But events which occurred after the close of the 1947-8 school year clearly establish that prior to the filing of this action, the appellant had received the equiva-

---

[1] School District No. 5 was an entirely separate District from the present appellee when the contract was made, and was later consolidated with the present appellee, as will hereinafter appear.

[2] See § 80-1306 Ark. Stats.

lent of the bonus that she here seeks. We mention three such matters:

(1) The Directors of School District No. 5 carried the $172.02 (balance from 1947-8 school year) into the Teachers' Salary Account for the school year 1948-9; and because of such sum, said School District No. 5 was enabled to have a 9-months school term in 1948-9; and appellant was employed by said School District No. 5 to teach a 9-months school term in 1948-9, at a salary of $125 per month.

(2) In the early part of the 1948-9 school year, the County Supervisor of Grant County (in which both School District No. 5 and School District No. 37 were located) conferred with the State Department of Education concerning the carry over of $172.02 made by School District No. 5, and was advised that such procedure would be approved in this instance: so the County Supervisor did not order the County Treasurer to withhold warrant payments, as provided in § 80-1306 (b) Ark. Stats.

(3) During the 1948-9 school year, School District No. 5 was consolidated with School District No. 37 (the present appellee); and School District No. 37, in order to complete School District No. 5's contract with appellant, used all of the money in the Teachers' Salary Account in School District No. 5, plus $60 of appellee's money. Thus, appellant received under her 1948-9 contract all of the $172.02, plus $60 additional; and there is no evidence of any complaint being registered by the appellant as to the $172.02 being carried over from the 1947-8 year to the 1948-9 year until shortly before, and in evident anticipation of, the filing of this action.

Appellant relies on our holding in *Fowlkes* v. *Wilson, supra*, wherein we held that the balance remaining in the Teachers' Salary Fund of a School District at the end of a school year should be paid to the teachers as a bonus. That litigation arose prior to Act No. 136 of 1943 and Act No. 301 of 1945; and the last mentioned Act amended § 3 of Act 319 of 1941, as well as Act 136

of 1943, so that after 1945, the law contained subdivision "(f)"[3] of §§ 80-1303 Ark. Stats., which reads in part:

"Each district in the state shall spend for teachers' salaries in each fiscal year not less than 90% of the total revenue accruing to the Teachers' Salary Fund during that fiscal year, plus any cash surplus in the Teachers' Salary Fund carried over from the previous fiscal year, plus any money received by the district from the State Teachers' Salary Fund."

Thus the Legislature by the above quoted language recognized that there might be a small surplus in the Teachers' Salary Fund "carried over" to the succeeding year; and this subdivision "(f)" undoubtedly influenced the decision of the State Board of Education, as previously mentioned.

We conclude that the appellant has received all of the amount of $172.02 here sought, plus an additional amount supplied by the appellee District.

The judgment of the Trial Court is affirmed.

---

[3] No language similar to this subdivision "(f)" was in the law that governed at the time of our decision in *Fowlkes* v. *Wilson, supra*. The subdivision "(f)" was first added by Act No. 136 of 1943.